UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**YHT AND ASSOCIATES, INC., as Trustee
under 20438 Homosassa Court I.V. Trust
dated January 17, 2012,**                          CASE NO:  _____

       Plaintiff**,**

vs.                                                (Formerly Clay County Circuit Court Case
No. 2020-000658-CA)

**DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee, on behalf of the
holders of the Residential Accredit Loans,
Inc., Mortgage Asset-Backed Pass-Through
Certificates, Series 2007-QS3,**

       Defendant**.**

_____/

<u>**DEFENDANT'S NOTICE OF REMOVAL**</u>

    Defendant, **DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, on
behalf of the holders of the Residential Accredit Loans, Inc., Mortgage Asset-Backed
Pass-Through Certificates, Series 2007-QS3** ("DBNTC" or "Defendant"), hereby removes
the action currently pending in the Circuit Court of the Fourth Judicial Circuit in and for Clay
County, Florida, Case No. 2020-000658-CA (the "State Court Action"), to the United States
District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1441 and 28 U.S.C.
§ 1331.  Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 as
more fully set forth below.

**I.**     <u>**BACKGROUND & CONDITIONS OF REMOVAL**</u>

    1.     This matter arises out of Plaintiff's dispute over a Note and Mortgage executed
by borrower George Phillips in favor of Defendant's predecessor secured by real property

located at 20348 Homosassa Court, Land O Lakes, FL 34637 (the "Property").  (*See* Complaint ¶¶ 3-4).

2.      Plaintiff, **YHT AND ASSOCIATES, INC., as Trustee under 20438 Homosassa Court I.V. Trust dated January 17, 2012**, is a citizen of Florida with its principal place of business in Tampa, Florida.

3.      Defendant is a national banking association organized under the laws of the United States with its principal place of business in Santa Ana, California.

4.      Venue is proper in the United States District Court for the Middle District of Florida because the case is being removed from the Circuit Court of the Fourth Judicial Circuit in and for Clay County, Florida.

5.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of Defendant's receipt of the initial pleading.  Defendant was not served with process in this matter and has filed a Motion to Quash Service of Process in relation thereto.

6.      Defendant discovered this matter on or about December 15, 2020 through an online records search prompted by the discovery of similar matters filed by Plaintiff's counsel, Lee Segal, Esq., that likewise resulted in improper defaults and/or judgments by default due to lack of service of process on Defendant.

7.      This action is not a non-removable action as described under 28 U.S.C. § 1445.

8.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copies of all process and pleadings available to counsel as of this date are attached hereto as **Composite Exhibit "A."**

9.      In accordance with 29 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Defendant has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing Notice of Removal with the Clerk of the Court for the Fourth Judicial Circuit in Clay County, Florida.  A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit "B."**

## II.     THE COMPLAINT

10.     Plaintiff has sued Defendant under the "Civil Remedies for Criminal Practices Act" (Fla. Stat §772.101, et. seq.) and for misrepresentation/slander of title for actions taken in an ongoing foreclosure action pending in Pasco County, Florida by *Deutsche Bank National Trust Company as Trustee, on behalf of the holders of the Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS3* initiated in 2019 against Plaintiff in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Case No. 19-CA-2891 ("Foreclosure Action").  (*See* Complaint ¶ 15).

11.     The State Court Action repeatedly challenges Defendant's status as owner and holder of the Note and Mortgage that are at issue in this case, and that are at issue in the currently pending Foreclosure Action in Pasco County, Florida.  (*See* Complaint, ¶¶ 11, 17, 23, 26 (each denying Defendant's assertion in the Foreclosure Action that it is the owner or holder of the Note)).

## III.    LEGAL STANDARD -GROUNDS FOR REMOVAL

12.     Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States…where such action is pending."

13.     Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

> **(1)** citizens of different States;
>
> **(2)** citizens of a State and citizens or subjects of a foreign state;
>
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> **(4)** a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

14.     This Court has original jurisdiction on the basis of diversity and amount in controversy.  *See* 28 U.S.C. § 1332.  The parties are diverse because they are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

15.     "Removal is proper if the defendant proves, by a preponderance of the evidence, the amount in dispute exceeds $75,000."  *Luch v. Scottsdale Ins. Co.,* No. 17-21507-CIV, 2017 WL 5643314, at *1 (S.D. Fla. June 9, 2017) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014)).  Also, "when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees."  *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

**A.      Diversity Of Citizenship Exists.**

16.     Plaintiff is a citizen of Florida with its principal place of business in Tampa, Florida.  The citizenship of the Plaintiff, YHT and Associates, Inc., is dispositive for diversity purposes because it has filed this suit in its name as trustee.  *LMP Ninth St. Real Estate, LLC v. U.S. Bank Nat'l Ass'n*, 8:16-CV-2463-T-33AEP, 2016 WL 6068302, at *3 (M.D. Fla. Oct.

4

17, 2016) ("As U.S. Bank is being sued in its own name as trustee of a traditional trust, U.S. Bank's citizenship is determinative for diversity purposes") (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) ("And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes"). 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of every State or foreign state by which it has been incorporated and of the State where it has its principal place of business." Thus, Plaintiff is a resident and citizen of Florida as it was incorporated under the laws of the state of Florida. *See* **Exhibit "C"**. Additionally, Plaintiff's principal place of business is in the state of Florida. *Id.*

17.    Defendant, DBNTC, is a national banking association organized under the laws of the United States with its principal place of business in Santa Ana, California. *See* **Exhibit "D"**.

18.    Because the parties are citizens of different states, diversity exists.

**B.    Amount in Controversy Exceeds $75,000.**

19.    Plaintiff in this matter seeks treble damages that include "the value of the Property, lost rents on the Property during the time Plaintiff was dispossessed, interest on that money, and the attorney's fees and costs incurred defending the [Foreclosure Action]"; "Plaintiff is entitled to triple damages." (*See again* Complaint, ¶¶ 40-41).

20.    As evidenced by its Affidavit in Support of Summary Judgment filed in the State Court Action, Plaintiff is seeking $320,383 which is its estimated value of the Property, plus $9,500 in attorneys' fees as well as its aforementioned demand for triple damages. *See* **Exhibit "E"**. Thus, the amount in controversy at issue clearly exceeds $75,000. *See*

*Diversified Mortg., Inc. v. Merscorp, Inc.,* No. 8:09–cv–2497, 2010 WL 1793632, at *2 (M.D. Fla. 2010) (holding that the face value of mortgages can be used to determine the amount in controversy).

21. In this matter, because Plaintiff seeks three times the value of the Property, plus attorney's fees, the amount in controversy in this matter exceeds $900,000 and thus meets the amount in controversy threshold under 28 U.S.C. § 1332.

## III.    **CONCLUSION**

22. Removal of this case is timely and appropriate, and this Court has jurisdiction over the claims based upon diversity of citizenship.  Defendant respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Fourth Judicial Circuit in and for Clay County, Florida to the United States District Court for the Middle District of Florida.

**WHEREFORE,** Defendant respectfully requests that the State Court Action now pending in the Circuit Court of the Fourth Judicial Circuit in and for Clay County, Florida, Case No. 2020-CA-000658, be removed to this Honorable Court.

Dated: January 14, 2021                           Respectfully Submitted,

Jason H. Okleshen, Esq.                           Beth A. Norrow, Esq.
Florida Bar No. 496170                            Florida Bar No. 061497
Okleshenj@gtlaw.com                               norrowb@gtlaw.com
GREENBERG TRAURIG, P.A.                            GREENBERG TRAURIG, P.A.
777 S. Flagler Drive, Suite 300 East              450 S. Orange Avenue, Suite 650
West Palm Beach, FL 33401                          Orlando, Florida 32801
Telephone: (561) 650-7915                          Telephone: (407) 420-1000
Facsimile: (561) 655-6222                          Facsimile: (407) 420-5909
                                                  Secondary email: dunnla@gtlaw.com;
                                                  flservice@gtlaw.com

                                                  By: /s/ *Beth A. Norrow*

Beth A. Norrow, Esq.

*Counsel for Deutsche Bank National Trust Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 14, 2021, a true and correct copy of the foregoing was filed with the CM/ECF e-filing system which will send a notice of electronic service to:

Lee Segal, Esq.
18167 U.S. Highway 19 North, Suite 100
Clearwater, Florida 33764
lee@segalschuh.com

/s/ *Beth A. Norrow*
Beth A. Norrow

7